1
2
3
4                          **UNITED STATES DISTRICT COURT**
5                                **DISTRICT OF NEVADA**
6

7    STEVEN THOMAS ZIELINSKI,                     Case No. 2:24-cv-02189-GMN-NJK

              Plaintiff(s),                                    **Order**
8
                                                          [Docket No. 10]
9    v.

10   THE TRAVELERS INDEMNITY
     COMPANY,
11
              Defendant(s).

12          Pending before the Court is Defendant's motion to stay discovery pending resolution of its

13   motion to dismiss.  Docket No. 10; *see also* Docket No. 5 (motion to dismiss).  Plaintiff filed a

14   response to the motion to stay.  Docket No. 11.  No reply was filed.[1]  The motion to stay discovery

15   is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reason discussed below, the

16   motion to stay discovery is **GRANTED**.

17          The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of*

18   *Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide

19   for automatic or blanket stays of discovery when a potentially dispositive motion is pending."

20   *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  The party seeking a stay of

21   discovery bears the heavy burden of making a strong showing that discovery should be denied.

22   *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997).  Discovery may

23   be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect;

24   (2) the potentially dispositive motion can be decided without additional discovery; and (3) the

25

26          [1] Defendant docketed a reply for the motion to stay discovery, but it was actually the
     earlier-filed reply to the motion to dismiss.  Docket No. 12.  The Court alerted Defendant to that
27   error and ordered a notice of corrected image be filed.  Docket No. 13.  Defendant then filed a
     notice of corrected image that again filed a reply to the motion to dismiss rather than a reply to the
28   motion to stay discovery.  Docket No. 14.  At this point, Defendant has forfeited its opportunity to
     file a reply with respect to the motion to stay discovery.

Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiff will be unable to state a claim for relief. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[2]

The Court finds these elements met here. Plaintiff was injured in a car accident while on the job and he seeks relief based on underinsured motorist coverage through his employer's insurance. The employer's policy, however, is subject to an express rejection of uninsured and underinsured motorist coverage by the employer. Docket No. 5-2 at 2 (checking box that "I reject Uninsured Motorist Coverage"). Hence, Defendant contends that there is no applicable coverage and that Plaintiff's claims all fail as a result. The Court finds that the motion to dismiss is potentially dispositive in scope and effect. The Court also finds that the motion to dismiss can be resolved without discovery. The Court lastly finds that the motion is sufficiently meritorious based on a preliminary peek as to justify a stay of discovery.[3]

---

[2] Based on non-binding and unpublished case law, Plaintiff asserts that the "preliminary peek" test is now "incorrect" and that motions to stay discovery must be resolved under a new approach utilized by a minority of judges in this District. *See* Docket No. 11 at 3. This contention is wrong on many counts. First, the Court has expressly rejected that minority approach as untenable as a matter of law, *Flynn v. Nev.*, 345 F.R.D. 338, 347 (D. Nev. 2024) (explaining that the minority approach contravenes Rule 26(c)(1)), and unwarranted as a policy matter based on numerous flaws, *id.* at 347-51. Second, and at any rate, the minority approach itself recognizes that the preliminary peek framework remains good law and may be relied upon by a movant seeking to stay discovery. *See, e.g., Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021) ("These cases remain valid authority, and litigants may still move for a discovery stay under the preliminary peek test"). Therefore, the Court will review the motion to stay discovery here based on the longstanding preliminary peek framework.

Defendant also seeks alternative relief as a matter of the Court's inherent authority. Docket No. 10 at 11-12. Such request is not well-founded. *See, e.g., Flynn*, 345 F.R.D. at 342 n.3 (rejecting reliance on inherent authority in this context).

[3] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the underlying motion to dismiss in this instance. The Court has carefully considered the arguments raised in the papers, however, including Plaintiff's contentions regarding after-the-accident representations in his short opposition to the motion to dismiss. Docket No. 7.

Accordingly, Defendant's motion to stay discovery is **GRANTED**.  In the event resolution of the motion to dismiss does not result in termination of this case, the parties must file a joint status report regarding discovery or a discovery plan within 14 days of the issuance of that ruling.

IT IS SO ORDERED.

Dated: February 26, 2025

_____
Nancy J. Koppe
United States Magistrate Judge