UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN THOMAS ZIELINSKI,

                  Plaintiff,

vs.

THE TRAVELERS INDEMNITY COMPANY,

                  Defendant.

Case No.: 2:24-cv-02189-GMN-NJK

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

    Pending before the Court is the Motion to Dismiss ("MTD"), (ECF No. 5), filed by Defendant The Travelers Indemnity Company ("Travelers"). Plaintiff Steven Thomas Zielinski filed a Response, (ECF No. 7), to which Defendant filed a Reply, (ECF No. 8).

    For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    BACKGROUND**

    This case arises from injuries Plaintiff sustained in the course of his employment during an accident with a third-party driver in May 2022. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-2). As a result of the collision, Plaintiff suffered damage to his vehicle and physical injury. *Id.* At the time of the accident, Plaintiff's employer ("Takeda") had a policy with Defendant, (the "Policy"). (*Id.* ¶ 10). Plaintiff alleges that pursuant to the Policy, Defendant first refused, then agreed to pay compensatory damages for bodily injury caused by the third-party driver who was "underinsured/uninsured." (*Id.* ¶¶ 20–30). Because Plaintiff's medical expenses exceeded the third-party driver's policy limits, Plaintiff made a claim to Defendant to pay the remainder of his damages. (*Id.* ¶ 31). According to Plaintiff, Defendant thereafter recanted the confirmation of benefits and communicated to Plaintiff that there was no uninsured and underinsured motorist coverage ("UM/UIM"). (*Id.* ¶¶ 36–41).

Plaintiff subsequently filed suit in the Eighth Judicial District Court of Nevada, asserting claims for: (1) declaratory relief; (2) breach of contract; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) breach of statutory duties under Nevada Revised Statues ("NRS") § 686A.310. (*Id.* ¶¶ 54–94). Defendant then removed to this Court based on diversity jurisdiction. (*See generally* Pet. Removal, ECF No. 1). Defendant now moves to dismiss explaining Travelers' policy did not include UM/UIM motorists coverage in Nevada due to Takeda's waiver of said coverage. (*See generally* MTD, ECF No. 5).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to

the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

Plaintiff's Complaint asserts the following claims: (1) declaratory relief; (2) breach of contract; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) breach of statutory duties — NRS 686A.310: Unfair Practices in Claim Handling. (*See generally* Compl., Ex. A to Pet. Removal, ECF No. 1-2). Defendant moves to dismiss all of Plaintiff's causes of action. (*See generally* MTD). The Court discusses these claims below, beginning with declaratory relief.

### A. Declaratory Relief

Defendant moves to dismiss Plaintiff's claim for declaratory relief. (MTD 7:1–9:7). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must demonstrate "some setting" suggesting facts that "raise a reasonable expectation that discovery will reveal evidence" of a cause of action. *Twombly*, 550 U.S. at 556. Declaratory relief is an equitable

remedy, not an independent cause of action. *Butler v. Progressive Direct Ins. Co.*, 772 F. Supp. 3d 1185, 1204 n.7 (D. Nev. 2025). Thus, because declaratory relief is not an independent cause of action, Plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim.'" *See Ashcroft*, 556 U.S. at 678. Accordingly, this claim is DISMISSED. Because the deficiencies identified cannot be cured by amendment, the Court does not grant leave to amend on this claim. However, this dismissal would not preclude the Court from awarding declaratory relief if Plaintiff prevails on his subsequent claims. *See Wang v. LM Gen. Ins. Co.*, No. 2:22-CV-2075-JCM-DJA, 2023 WL 2913396, at *3 (D. Nev. Apr. 12, 2023).

### B. Breach of Contract

Defendant next moves to dismiss Plaintiff's claim for breach of contract based on the Supplementary Commercial Automobile Application ("the Application") for insurance coverage made by Plaintiff's employer which is attached as Exhibit B to Defendant's Motion to Dismiss. (MTD 5:2–6:5). The Court must first analyze whether it can consider the Application before turning to the merits of Defendant's arguments.

#### a. Consideration of Documents Incorporated by Reference

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). But "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). "Certain written instruments attached to pleadings may be considered part of the pleading" if incorporated by reference. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A document not attached to a complaint is incorporated by reference if the plaintiff refers extensively to the document or if it forms the basis of the plaintiff's claim. *Id.*

1       Here, Plaintiff does not question the authenticity of the Application. (*See generally* Resp.).  The Complaint references the Application. (Compl. ¶ 45) ("Plaintiff's counsel received an email confirming there is no coverage for uninsured and underinsured motorist coverage out of Nevada and included a copy of the waiver signed on April 2, 2022.").  Although the Complaint does not extensively reference the Application for coverage, it nevertheless necessarily relies upon the Application received from the Defendant explaining why his employer does not have UM/UIM coverage for his damages. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding that the district court properly considered a document not attached to and not explicitly referenced in the complaint, but attached to defendant's motion to dismiss because plaintiff's claims rested on the terms of that document); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that it was proper to incorporate surrounding photos and caption defendant submitted because the claim necessarily depended on them).  Accordingly, the Court concludes that it may consider the Application attached to Defendant's Motion to Dismiss.

              **b.  Defendant's Motion to Dismiss**

      Because the Court concludes that it can consider the Application, it now turns to the merits of Defendant's arguments for dismissal based on the Application.  In Nevada, "[t]he starting point for the interpretation of any contract, including insurance policies, is with its plain language." *WP6 Rest. Mgmt. Grp. LLC v. Zurich Am. Ins. Co.*, 595 F. Supp. 3d 973, 977 (D. Nev. 2022).  An insurance policy's provisions are viewed in their "plain, ordinary[,] and popular sense." *Levy Ad Grp., Inc. v. Chubb Corp.*, 519 F. Supp. 3d 832, 836 (D. Nev. 2021).  Any limitation in coverage must be "clearly and distinctly" communicated. *Id.*  Under Nevada law, a breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (1987).  The three elements required to show a breach of contract in Nevada are (1) the existence of a valid

1  contract, (2) a breach by the defendant, and (3) damages as a result of the breach. *Saini v. Int'l*
2  *Game Tech.*, 434 F. Supp. 2d 913, 919-920 (D. Nev. 2006).

3        Plaintiff and Defendant agree on the existence of a valid contract, which is the Policy for
4  Takeda's fleet insurance coverage issued by Travelers. (Compl. ¶ 10).  The parties disagree on
5  whether there was a breach of this contract. (*See generally* Compl.).  Failure to perform one's
6  obligations within the terms of the contract constitutes a literal breach of contract. *Saini v. Int'l*
7  *Game Tech.*, 434 F. Supp. 2d 913, 923 (D. Nev. 2006).  Defendant provides the Application
8  executed by Plaintiff's employer rejecting uninsured motorist coverage to support its argument
9  that it did not have a duty to provide UM/UIM coverage to Plaintiff and therefore did not
10 breach by declining to do so. (Application, Ex B to MTD, ECF 5-2).

11       Upon review of the Application's plain language, the Court agrees with Defendant that
12 Takeda checked the box rejecting Uninsured Motorists Coverage. (*See generally* Application,
13 Ex. B to MTD, ECF No. 5-2).  "I wish to reject Uninsured Motorists Coverage" can reasonably
14 be understood to mean that Takeda did not want to be covered by the protection Defendant
15 offered through UM/UIM coverage outlined in the paragraphs preceding the checkboxes.  By
16 checking the box, Takeda and Defendant agreed that Defendant has no contractual obligation to
17 pay UM/UIM benefits.  Thus, Defendant did not breach its contract as a matter of law by
18 denying coverage because it had no duty to cover the UM/UIM claim under the policy. *See*
19 *Bernard*, 734 P.2d at 1240.  Accordingly, this claim is DISMISSED.

20       **C. Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing**

21       Defendant also moves to dismiss Plaintiff's claim for tortious breach of the implied
22 covenant of good faith and fair dealing. (MTD 6:6–15).  Under Nevada law, breach of the
23 implied covenant can give rise to tort liability when a special relationship exists between the
24 parties to the contract, such as the relationship between an insurer and an insured. *Ins. Co. of*
25 *the West v. Gibson Title Co., Inc.*, 134 P.3d 698, 702 (Nev. 2006).  "Primary to establishing a

prima facie case of bad faith refusal to pay an insurance claim is proof that the insurer was required to pay the insurance claim." *WP6 Rest. Mgmt. Grp. LLC*, 595 F. Supp. 3d at 981. "An insurer breaches the duty of good faith when it refuses 'without proper cause to compensate its insured for a loss covered by the policy.'" *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1242 (D. Nev. 1994) (quoting *Peterson*, 540 P.2d at 1071). To constitute a denial "without proper cause," an insurer must have an "actual or implied awareness of the absence of a reasonable basis for denying benefits of the policy." *Am. Excess Ins. Co..*, 729 P.2d at 1354. In other words, an insurer's incorrect determination that coverage does not exist under a particular policy is not an actional tort unless there was no reasonable basis for that determination. *Pioneer*, 863 F. Supp at 1242.

In order for Plaintiff to establish a prima facie case of bad faith against Defendant, Plaintiff must show that Defendant had an obligation to pay UM/UIM benefits under the Policy. As explained above, the Policy's plain language precludes paying out UM/UIM benefits. (*See generally* Application, Ex. B to MTD, ECF No. 5-2). Without demonstrating that Defendant had an obligation to pay UM/UIM benefits, Plaintiff fails to establish a prima facie case of bad faith against Defendant. *See WP6 Rest. Mgmt. Grp. LLC*, 595 F. Supp. 3d at 981. Plaintiff's Complaint does not allege facts that demonstrate how Defendant's actions give rise to tort liability. Thus, the Court DISMISSES this claim.

### D. Breach of Statutory Duties (NRS 686A.310)

Lastly, Defendant moves to dismiss Plaintiff's breach of statutory duties claim because Plaintiff has not yet exhausted all administrative remedies. (MTD 9:8–11:28). Plaintiff argues that such a requirement does not foreclose actions for tortious and contractual bad faith. (Resp. 5:6–14). Defendant contends that the statute does require Plaintiff to exhaust all administrative remedies, but also allows a separate cause of action for bad faith. (Reply 7:13–27).

NRS 679B.120(3) grants the Nevada Department of Insurance ("NDOI") the express authority to "enforce the provisions" of the Nevada Insurance Code, NRS Title 57. *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 572 (2007). The NDOI has exclusive jurisdiction over matters in which a party seeks to ensure compliance with NRS Title 57, meaning certain statutes cannot be enforced through private civil actions because the "legislative scheme provided the sole means by which to address violations." *Id.* Plaintiffs must exhaust their administrative remedies with the NDOI "before their claims under the Insurance Code become ripe." *Fehr v. Am. Fam. Mut. Ins. Co.*, No. 2:23-CV-02077-RFB-EJY, 2024 WL 2836446, at *3 (D. Nev. May 2, 2024).

NRS 686A.310 (Unfair Claims Practices Act "UCPA") falls under Title 57, making Plaintiff's UCPA claim subject to the NDOI's exclusive jurisdiction. *Hwang v. Redwood Fire & Cas. Ins. Co.*, 714 F. Supp. 3d 1280, 1287 (D. Nev. 2024). Plaintiff has failed to demonstrate that he has exhausted his administrative remedies available through the NDOI. (*See generally* Compl.). But Plaintiff argues that the requirement to exhaust all administrative remedies does not foreclose actions for tortious and contractual bad faith. (*See generally* Resp.). If that were true, this UCPA claim would be redundant because Plaintiff has already pled a cause of action for tortious breach of the implied covenant of good faith and fair dealing. *See Hwang*, 714 F. Supp. 3d at 1291 n.5. "Either the claim is wholly duplicative of [Plaintiff's] bad faith claim and must be dismissed on that basis, or it is not, in which case the claim must be dismissed because the court lacks subject matter jurisdiction to adjudicate it." *Id.* In either case, this claim must be DISMISSED.

In sum, Defendant's Motion to Dismiss is GRANTED. Because the Application establishes that Defendant did not have a duty to cover the UM/UIM claim, and each of Plaintiff's claims rely on Defendant having the duty to cover the UM/UIM claim, the Court

finds that amendment would be futile. Accordingly, the Court does not grant leave to amend on any of the claims.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 5), is **GRANTED** without leave to amend.

The Clerk of Court is kindly directed to close this case.

**DATED** this __15__ day of August, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT